Perez v. New York State Department of Corrections

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of January, two thousand twelve.

PRESENT:
   PETER W. HALL,
   DENNY CHIN,
    *Circuit Judges*,
   ALVIN K. HELLERSTEIN,[*]
    *District Judge.*

———————————————————————————

Jerry Perez,

   *Plaintiff-Appellant*,

Kevin Gentle, *et al*.,

   *Consolidated-Plaintiffs-Appellants*,

Michael Maisonet, *et al*.,

   *Consolidated-Plaintiffs*,

———————————

[*]Judge Alvin K. Hellerstein, of the United States District Court for the Southern District of New York, sitting by designation.

v.

10-1520-pr (L);
10-1638-pr (Con),
10-1687-pr (Con),
10-1699-pr (Con),
10-1727-pr (Con),
10-1728-pr (Con),
10-1730-pr (Con),
10-1731-pr (Con),
10-2159-pr (Con)

New York State Department of Corrections, *et al*.,

*Defendants-Appellees*.

_____

FOR APPELLANTS:        David Benavides, Luis Javier, Michael A. Bernard, Gabriel
                       Alcantara, Jose Fernandez, Carlos De La Rosa, Steven Morales,
                       Jerry Perez, and Kevin Gentle, *pro se*, Naponoch, NY.

FOR APPELLEE:          Barbara D. Underwood, Solicitor General; Denise A. Hartman,
                       Victor Paladino, Assistant Solicitors General; *for* Eric T.
                       Schneiderman, Attorney General of the State of New York,
                       Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of

New York (Kahn, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants, proceeding *pro se*, appeal from the district court's judgment granting the

defendants' motion to dismiss their 42 U.S.C. § 1983 complaints.  We assume the parties'

familiarity with the underlying facts, the procedural history of the case, and the issues on

appeal.[1]

_____

[1]Appellant Kevin Gentle's motion to join in the briefs filed by several of the other
appellants is granted.  *See* Fed. R. App. P. 28(i).

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although factual allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the magistrate judge in his report and recommendation and by the district court in its decision. As noted by the magistrate judge, in *Bell v. Wolfish*, the Supreme Court specifically held that the Fourth Amendment does not prohibit routine strip searches of inmates involving the exposure of body cavities for visual inspection subsequent to every contact visit with a person from outside the institution, provided such searches are conducted in a reasonable manner. *See* 441 U.S. 520, 558 (1979). The searches at issue here were not rendered unreasonable under the Fourth Amendment or qualitatively different from the searches at issue in *Bell* by the *de minimis* additional intrusions that required the appellants to expose their anal cavities twice during a single search and use of a flashlight to aid in the visual inspection. To the extent that the appellants contend that a flashlight was used solely to humiliate them, the Fourth Amendment inquiry is one of "objective reasonableness" under the circumstances, such that an officer's

3

subjective motivation for performing a search is not relevant. *See Graham v. Connor*, 490 U.S. 386, 399 (1989).

We have considered the appellants' other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4